OPINION
{¶ 1} Appellant Robert Ballou appeals his felony sentences in the Ashland County Court of Common Pleas. The relevant facts leading to this appeal are as follows.
 {¶ 2} On October 3, 2005, appellant appeared before the trial court for sentencing, having previously pled guilty to three counts of sexual battery, a felonies of the third degree. The trial court sentenced appellant to three years on each count. The court ordered the sentences to be served consecutively, for an aggregate sentence of nine years.
 {¶ 3} Appellant filed a timely notice of appeal. He herein raises the following sole Assignment of Error:
 {¶ 4} "I. THE IMPOSITION OF A PRISON SENTENCE IN THIS CASE WAS UNCONSTITUTIONAL AS IT WAS BASED ON AN UNCONSTITUTIONAL STATUTE.
 I. {¶ 5} In his Sole Assignment of Error, appellant argues, in essence, that the trial court's imposition of consecutive sentences is unconstitutional pursuant to United States v.Booker (2005),543 U.S. 220, 125 S.Ct. 738, and Blakely v.Washington (2004), 542 U.S. 296, 124 S.Ct. 2531.
 {¶ 6} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470 the Court found, in relevant part, the provisions addressing "more than the minimum" sentence for offenders who have not previously served a prison term pursuant to R.C.2929.14(B) required the sentencing court to make findings beyond those facts found by a jury or admitted by an accused. Id. at ¶ 61.
 {¶ 7} The Court in Foster found the same infirmity with respect to the procedure employed by a trial court imposing consecutive sentences pursuant to R.C. 2929.14(E)(4) and2929.41(A). Id. at paragraph 3 of the syllabus.
 {¶ 8} The Court found both provisions to be unconstitutional under the United States Supreme Court decisions in Apprendi v.New Jersey (2000), 530 U.S. 466, 120 S.Ct. 2348,147 L.Ed.2d 435, and Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531, 159 L.Ed.2d 403. However, the Ohio Supreme Court inFoster found that the offending provisions of the sentencing law are severable. The Court concluded that after severing those provisions judicial fact-finding is not required before a prison term can be imposed within the basic ranges of R.C. 2929.14(A) based upon a jury verdict or admission of the defendant, or before imposition of consecutive prison terms. Id. at paragraphs 2 and 4 of the syllabus.
 {¶ 9} The Court in Foster, supra, provided the following instructions to the lower courts: "[t]hese cases and those pending on direct review must be remanded to trial courts for new sentencing hearings not inconsistent with this opinion. We do not order resentencing lightly. Although new sentencing hearings will impose significant time and resource demands on the trial courts within the counties, causing disruption while cases are pending on appeal, we must follow the dictates of the United States Supreme Court. Ohio's felony sentencing code must protect Sixth Amendment principles as they have been articulated.
 {¶ 10} "Under R.C. 2929.19 as it stands without (B) (2), the defendants are entitled to a new sentencing hearing although the parties may stipulate to the sentencing court acting on the record before it. Courts shall consider those portions of the sentencing code that are unaffected by today's decision and impose any sentence within the appropriate felony range. If an offender is sentenced to multiple prison terms, the court is not barred from requiring those terms to be served consecutively. While the defendants may argue for reductions in their sentences, nothing prevents the state from seeking greater penalties.United States v. DiFrancesco (1980), 449 U.S. 117, 134-136,101 S.Ct. 426, 66L.Ed.2d 328". Id. at ¶ 104-105.
 {¶ 11} The State of Ohio concedes that this case must be returned to the trial court for re-sentencing.
 {¶ 12} Accordingly, this case is remanded to the trial court for resentencing in light of the remedial severance and interpretation of Ohio's felony sentencing statutes as set forth in the Foster decision.
Gwin, P.J., Farmer, J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, this case is remanded to the trial court for re-sentencing in light of the remedial severance and interpretation of Ohio's felony sentencing statutes as set forth in the Foster decision. Costs to appellee.